UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BARRON CHIROPRACTIC & REHABILITATION, P.C., *et al.*, <br><br> Defendants. | Civil Action No. 16-cv-10642-ADB |

## **MEMORANDUM AND ORDER ON PENDING MOTIONS**

BURROUGHS, D.J.

The following motions are currently pending before the Court: Plaintiffs' Motion to Strike Affirmative Defenses [ECF No. 51]; Plaintiffs' Motion to Compel Discovery [ECF No. 66]; Defendants' Motion to Quash Records-Only Subpoenas [ECF No. 70]; and Plaintiffs' Motion to Strike Late Responses [ECF No. 74]. The Court hereby rules on these motions as set forth below.

**I.  Motion to Strike Affirmative Defenses 1, 2, 3, 11, 14, 15 and 23**

Rule 12(f) of the Federal Rules of Civil Procedure allows a party to move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Lexington Luminance LLC v. TCL Multimedia Tech. Holdings, Ltd., No. 16-cv-11458-DJC, 2017 WL 3795769, at *1 (D. Mass. Aug. 30, 2017) (quoting Dennison v. LaPointe, No. 06-40100-FDS, 2006 WL 3827416, at *1 (D. Mass. Dec. 21, 2006)). Such motions are "generally disfavored" due to their "somewhat dilatory and often harassing character," are often considered "purely cosmetic or time wasters," and should only be granted "when it is beyond cavil that the defendant[] could not

1

prevail on them." U.S. S.E.C. v. Nothern, 400 F. Supp. 2d 362, 364 (D. Mass. 2005) (citations and internal quotation marks omitted); Morris v. Gilbert, 649 F. Supp. 1491, 1498 (E.D.N.Y. 1986) (citation omitted). "Thus, even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." Nothern, 400 F. Supp. 2d at 364 (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381, at 421−22 (3d ed. 2004)). A Rule 12(f) motion also "will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." Id.

Here, Affirmative Defense Nos. 1, 14, 15, and 23 do not set forth a proper defense. Fed. R. Civ. P. 8(c)(1). Affirmative Defense No. 1 is immaterial to the claims asserted. Affirmative Defense No. 23 is improper because it is based on a statute that applies "only to cases brought in state courts and does not permit such awards by federal district courts.'" Metro. Prop. & Cas. Ins. Co. v. Boston Reg'l Physical Therapy, Inc., 538 F. Supp. 2d 338, 344 (D. Mass. 2008) (quoting Brandon Assocs., LLC v. FailSafe Air Safety Sys. Corp., 384 F. Supp. 2d 442, 445 (D. Mass. 2005)); see Monahan Corp. N.V. v. Whitty, 319 F. Supp. 2d 227, 232 (D. Mass. 2004) ("[T]his court finds and concludes that the Massachusetts legislature, in granting a right to seek an award of attorneys' fees under G.L. c. 231, § 6F, never intended that that relief could be sought in an action brought in a federal district court."). Affirmative Defense Nos. 14 and 15 are insufficient for the reasons stated in the Court's Memorandum and Order on Motions to Dismiss dated August 16, 2017. [ECF No. 38]. Affirmative Defense No. 15 also improperly characterizes a jurisdictional issue as an affirmative defense. See Native Am. Arts, Inc. v. The Waldron Corp., 253 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003) (standing not affirmative defense because plaintiffs "bear the burden of pleading and proving standing"); see also In re Inofin Inc., No. 11-bk-11010-

JNF, 2012 WL 5457415, at *22 (Bankr. D. Mass. Nov. 8, 2012) (standing "is a threshold issue for a federal court," which "a plaintiff must colorably allege . . ."). Accordingly, the motion to strike [ECF No. 51] is granted as to Affirmative Defense Nos. 1, 14, 15 and 23, but is otherwise denied.

## II. Motion to Compel Discovery

Plaintiffs' motion to compel discovery [ECF No. 66] is granted as follows: Defendants shall provide complete responses to the Rule 33 interrogatories and Rule 34 document requests propounded by Plaintiffs, and make document productions, on or before April 20, 2018. No further extensions of this deadline are will be granted.

## III. Motion to Quash Subpoenas

Defendants' motion to quash records-only subpoenas directed to various banks is granted. [ECF No. 70]. The discovery sought is not sufficiently relevant to a party's claims or defenses or proportional to the needs of the case at this time. Fed. R. Civ. P. 26(b)(1). Accordingly, the motion to quash is granted, but the request that the Court permanently forbid discovery into these matters is denied.

## IV. Motion to Strike Late Responses

The Court recognizes that this motion is not yet ripe for adjudication. That being said, Fed. R. Civ. P. 36(a)(3), as a matter of law, provides that late filed responses to requests for admission generally result in the facts being deemed admitted. Based on this rule, the Court is likely to allow this motion. If Defendants seek a different outcome, their motion response must be accompanied by revised and complete responses to the requests for admission. Given the limited prejudice, if any, at this time, if complete answers are provided with the motion response, the Court will consider allowing these answers to be deemed timely filed.

## V. Conclusion

The Court does not countenance the discovery tactics of either party to this dispute. These rulings are meant to get the discovery process back on track without unduly penalizing either side for their conduct to date. The Court aims to allow both parties to regroup and proceed with discovery in an orderly and professional manner. Failure to fully comply with the rules of discovery going forward may result in sanctions.

**SO ORDERED.**

April 5, 2018
/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE