UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>BARRON CHIROPRACTIC & REHABILITATION, P.C., PHILIP C. BARRON, D.C., GILBERT S. WEINER, D.C., AND BRIAN T. FARRELL, D.C.<br><br>　　　　Defendants. | Civil Action No.: 1:16-CV-10642-ADB |

**GEICO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RE-OPEN THIS ACTION AND MODIFY THE EXISTING CASE MANAGEMENT SCHEDULING ORDER**

NOW COME the Plaintiffs[1] in the above captioned matter and hereby respectfully submit this Memorandum of Law in Support of GEICO's Motion to Re-Open This Action and Modify the Existing Case Management Scheduling Order. More specifically, the Plaintiffs respectfully request this Honorable Court re-open the above-captioned action as the Parties have been unable to consummate settlement. The Plaintiffs also respectfully requests that this Honorable Court extend the existing deadlines in the Case Management Order. See Dkt Nos. 49 & 50. Further, the Plaintiffs request that this Honorable Court enter a new order extending deadlines as follows:

---

[1] Government Employees Insurance Company, GEICO General Insurance Company, and GEICO Indemnity Company (collectively referred to herein as "Plaintiffs" or "GEICO").

1

1. All fact discovery, including non-expert depositions, shall be completed by January 31, 2019;
2. Plaintiffs shall designate their trial experts and serve the information required by Fed. R. Civ. P. 26(a)(2) by February 28, 2019;
3. Defendants shall designate their trial experts and serve the information required by Fed. R. Civ. P. 26(a)(2) by April 28, 2019; and,
4. Parties shall inform the Court no later than June 14, 2019 if there will not be dispositive motions filed. Dispositive motions, if any, shall be filed by July 1, 2019.

In support of these requests the Plaintiffs further state as follows:

I. **FACTUAL BACKGROUND**

As of February 2018, the Parties to this litigation were engaged in ongoing discovery disputes resulting in a Motion to Compel being filed by the Plaintiffs, which was granted by this Honorable Court. *See* Dkt. Nos. 66, 67, 77. Without reiterating all of the outstanding discovery requested by GEICO or the details pertaining to the Defendants' delay[2], the Court's Order required the Defendants to produce documentation and proper answers to written discovery by April 20, 2018. *See* Dkt. No. 77, p. 3.

Upon receipt of the Defendants' document production and written discovery responses, GEICO, once again, noted significant deficiencies in the same. **Exhibit A.** Thereafter counsel for GEICO sought to conference with counsel for the Defendants regarding the following issues:

- The Defendants simply produced back to GEICO the documents GEICO produced to the Defendants as part of initial disclosures. These documents were in the same order and the only change was that GEICO's bates numbering was replaced with the Defendants' bates numbering. Besides the identical order of the production, the Defendants left GEICO's **'CONFIDENTIAL'** water mark on the top right corner of the production. Essentially, the Defendants' production consisted of only 248 original documents, none of which were expressly responsive to specific requests,

---

[2] Should this Honorable Court require this information in making its determination on the subject motion, GEICO directs the Court to Dkt. 67, pg. 2, 3, & 5.

but instead dumped at the end of the Defendants' document production. **Exhibit B.**[3]

- In written discovery, the Defendants provided contradictory information between admissions, interrogatories and production of documents. Moreover, the Defendants at times referred GEICO to its document production without any reference to page numbers or guidance as to where responsive information would be.

- The Defendants refused to answer or respond to certain written discovery, without moving the court for any form of protection or raising a valid objection.

- Despite having additional time to prepare these responses, the Defendants claimed to not have knowledge of certain areas of inquiry because they had not reviewed their own document production.

During early May while broaching these discovery issues, the Parties mutually agreed that it would be necessary to modify the case management scheduling order to move the case forward in a meaningful manner. Thereafter, in discussing what needed to be done, the Parties broached settlement for a final time in an attempt to avoid the aforementioned, enduring discovery disputes. Indeed, on or about May 30, 2018, the Parties reported to this Honorable Court that they reached a settlement, in principle. For this reason, the Parties did not request that this Honorable Court unnecessarily modify the existing scheduling order.

Ultimately, this Honorable Court dismissed this action, "without prejudice, to the right of any party upon good cause shown within sixty (60) days to reopen the action if settlement is not consummated."[4] *See* Dkt. No. 82. Following this Order, the Parties worked diligently to negotiate

---

[3] **Exhibit B** Pages 2-9 represent examples of what GEICO produced for Initial Disclosure including the bates numbering. **Exhibit B** Page 10-17 represent identical documentation and demonstrate Barron's removal of GEICO's bates numbering and imposition of the Defendants' new stamp. **Exhibit B** Pages 4 & 12 demonstrate the inverted nature of bates number 23 (in both productions) and that no effort was made to conceal that the Defendants simply handed GEICO back its own documentation.

[4] July 29, 2018 is sixty (60) from the date of this Honorable Court's May 30, 2018 Order of Dismissal

the parameters of a mutually acceptable settlement. Approximately one week following the reported settlement to this Honorable Court, on or about June 6, 2018, counsel for the Plaintiffs forwarded proposed documentation necessary to counsel for the Defendants--incorporating the parameters agreed upon during negotiations.

On or about June 12, 2018, counsel for the Defendants reported a death in his family, which caused a halt in working on settlement documentation. On or about July 6, 2018, counsel for the Defendants, forwarded a revised of the proposed documentation, which *materially changed* the terms of the proposed settlement, reported to this Honorable Court.

On or about July 16, 2018, the Parties conferred regarding the above-referenced changes to the material terms of the settlement agreement to no avail. Thereafter, on or about July 19, 2018, in a final effort to potentially settle, the Parties met in person to discuss a resolution, at which time it became clear that GEICO would have to reopen its case and pursue discovery to protect its legal interests. GEICO has also respectfully requested an amendment of the Case Management Scheduling Order that is in line with the previously agreed upon extensions discussed with opposing counsel. While conferencing on these issues at the in-person meeting on July 19, 2018, counsel for the Defendants indicated that the case should not be re-opened and thereby object to any extension. The Defendants thereby object to GEICO's present motion and the Parties have conferred.

## II.     MEMORANDUM OF LAW

### a.  Reopening the Action

This Honorable Court's May 30, 2018 Order of Dismissal is express in that any party maintains the right to re-open the action within sixty (60) days if: 1) settlement is not consummated, and 2) upon "good cause shown." *See* Dkt. No. 82. Notably, "[a] conditional

dismissal order is not an appealable final judgment, but rather, a mechanism whereby the court allows parties on the brink of settlement to avoid needless litigation but retains jurisdiction to reinstate the action or enforce the agreement, where appropriate.  Because it is not a final judgment, the structures of Rule 60(b) do not apply. It appears that the good cause requirement in this context is less stringent than the showing required in the Rule 60(b) context." *Kinan v. Cohen*, 268 F.3d 27, 33 n.6 (1st Cir. Mass. October 18, 2001) [Internal citations omitted].

In *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989), the Court recognized that good cause is a, "mutable standard, varying from situation to situation," even within the context of the more stringent Fed.R.Civ.P. 60(b) standard. In other contexts, good cause has been evaluated by: 1) the proffered explanation; 2) whether delays or issues were willful, innocent, or somewhere in between; 3) whether granting the relief sought would prejudice any party; and, 4) the timing of the motion. *See General Contracting & Trading Co., LLC v. Interpole, Inc.*, 899 F.2d 109, 112 (1st Cir. 1990). Essentially, good cause tends to be case-specific, and should be made in a practical, commonsense manner, without rigid adherence to, or undue reliance upon, a mechanical formula. *See id.*

### b. Modification of Case Management Scheduling Order

As the deadlines imposed in the existing scheduling order (particularly in regard to discovery) have not yet passed, Fed.R.Civ.P. 6(b) & 16 (b)(4) point to a simple "good cause" standard for the allowance of extensions, as opposed to requiring a demonstration of both good cause and excusable neglect where an extension is sought after the effective deadline has expired.[5] *See Rivera-Almodovar v. Instituto Socioeconomico Comunitario*, 730 F.3d 23, 26-27 (1st Cir.

---

[5] The good cause standard outlined in Fed.R.Civ.P. 6(b) & 16 (b)(4) is echoed by Local Rule 40.3(a)-(b).

2013). However, even where a party has moved for an extension following the expiration of a court ordered deadline, a Court's decision, "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

### III. ARGUMENT

#### a. **The Plaintiffs Have Demonstrated that Settlement Could Not be Consummated and Good Cause Exists to Reopen This Matter to Preserve the Plaintiffs Claims**

Despite the Parties' report that a settlement in principle had been reached, the Parties could not agree upon the terms and details of the settlement. Throughout the entirety of the negotiation process, consummation of a settlement was expressly conditioned upon the drafting and execution of mutually acceptable settlement documentation. This ultimately did not occur, despite numerous diligent efforts which included phone calls, emails and in-person conference with clients present on July 19, 2018. *See* **Affidavit of David O. Brink in Support**. Defendants' material changes to terms of the proposed documentation caused a chasm that the Parties now cannot overcome.

GEICO did not delay in filing the present motion once it became clear, following the above-referenced meeting, that settlement could not be consummated. GEICO and counsel have done everything in their power to comply with this Honorable Court's Orders and deadlines, but have been derailed throughout this process by the Defendants and unavoidable delays.

The failure of the settlement negotiations was not willful or even reasonably foreseeable from the Plaintiffs' perspective. Refusal to reopen the matter would substantially prejudice the Plaintiffs whose claims sounding in fraud remain ripe for litigation. To deny the Plaintiffs the opportunity to pursue their claims and a genuine opportunity to obtain proper/complete discovery from these Defendants would constitute a miscarriage of justice.

### b. The Plaintiffs Have Demonstrated Diligence in Litigating Their Case and Pursuing Discovery from the Defendants and Good Cause is Present to Merit a Modification of the Case Management Scheduling Order

The Plaintiffs' efforts to effectuate and obtain meaningful discovery in this case is well documented herein and in other filings. *See* Dkt. Nos. 51, 61, 66, 67. This is further substantiated by the fact that settlement discussions, which led to a report of settlement to this Honorable Court and the instant motion to re-open, initiated within the context of an attempt to resolve ongoing discovery disputes.

The Plaintiffs' documented discovery efforts have been obstructed by the Defendants' tactics dating back to initials disclosures, and include failures to comply with deadlines and simply producing back GEICO's own discovery while under a Court Order. See Dkt. 77. The above-referenced and proposed schedule and updated discovery deadline, takes into account the Parties' schedules, the Defendants' outstanding discovery, the previously allotted amount of time for discovery, and the potential for the assignment of a special discovery master. It is the Plaintiffs' contention that the above referenced discovery improprieties by the Defendants, in violation of this Honorable Court's Order, merit that the cost of any such discovery master be born solely by the Defendants. GEICO intends to renew its Motion to Compel Discovery upon the reopening of the case. Within any such motion GEICO will highlight significant discovery issues (in addition to some of the most egregious raised herein) demonstrate the Defendants have made discovery more involved and complicated than needed throughout this litigation and outline proposed solutions to stay on track. The imposition of a discovery master would ensure the efficacy of the above-referenced timeline, while shifting cost for the same to the Defendants would ensure that no further discovery gamesmanship would occur.

The Plaintiffs maintain a resolute desire to resolve this case either through a mutually acceptable and agreed upon settlement or necessary discovery process and trial. The only Parties that have benefited from the discovery delays, modification and breakdown of settlement and shrinking discovery window are the Defendants. Neither the Plaintiffs nor this Honorable Court should be required to be subjected to further excuses or tactics from the Defendants.

IV. **CONCLUSION**

WHEREFORE, the Plaintiffs respectfully requests that this Honorable Court re-open this action and issue an order extending the scheduling deadlines, as set forth above. In the alternative, the Plaintiffs respectfully requests this action be re-opened and this Honorable Court set a hearing on these matters to discuss scheduling and ongoing disputes between the Parties.

Respectfully submitted,
GOVERNMENT EMPLOYEES
INSURANCE COMPANY, GEICO
GENERAL INSURANCE COMPANY,
and GEICO INDEMNITY COMPANY,
By their Attorney,

*/s/ David O. Brink*_____

David O. Brink, Esq. BBO #547370
DBrink@smithbrink.com
Smith & Brink, P.C.
350 Granite Street, Suite 2303
Braintree, MA 02184
Phone 617-770-2214
Fax 617-774-1714

Dated: July 20, 2018

**[CERTIFICATIONS TO FOLLOW ON NEXT PAGE]**

## LOCAL RULE 7.1(A)(2) CERTIFICATE

I certify that, in compliance with Local Rule 7.1(a)(2), I conferred with counsel for the Defendants and have attempted in good faith to resolve or narrow the issues that are the subject of this motion and the Parties could not come to any agreement.

*/s/ David O. Brink*
David O. Brink
(BBO #547370)

## LOCAL RULE 37.1 CERTIFICATE

I certify that, in compliance with Local Rule 37.1, I conferred with counsel for the Defendants and have attempted in good faith to resolve or narrow the issues that are the subject of this motion and the Parties could not come to any agreement.

*/s/ David O. Brink*
David O. Brink
(BBO #547370)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on July 20, 2018.

*/s/ David O. Brink*
David O. Brink
(BBO #547370)

Dated: July 20, 2018